UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE TRUJILLO,<br><br>       Plaintiff,<br><br>    v.<br><br>BALVIR SINGH dba SUPER 7; DARSHAN SINGH;<br><br>       Defendants. | Case No. 1:16-cv-01640-LJO-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION TO FOR DEFAULT JUDGMENT BE DENIED IN PART AND GRANTED IN PART<br><br>(ECF No. 9) |

**I. INTRODUCTION**

Plaintiff Jose Trujillo filed a Motion for Default Judgment against Defendants Balvir Singh dba Super 7 and Darshan Singh (collectively "Defendants") (ECF No. 9.) Defendants did not file an opposition. The matter was taken under submission pursuant to Local Rule 230(g). Upon review of the evidence and the briefing, the Court recommends that Plaintiff's motion for Default be GRANTED IN PART.

**II. BACKGROUND**

Plaintiff filed this action on October 31, 2016 (ECF No. 1.) He seeks damages and injunctive relief pursuant to the Americans with Disabilities Act (42 U.S.C. §§ 12101 *et seq.*) ("ADA"), California Civil Code § 51 ("Unruh Civil Rights Act"), and California Health and Safety Code § 19959. Plaintiff, a disabled man who is substantially limited in his ability to

1

walk and uses a wheelchair or cane for mobility, alleges that Defendants are the owners and operators of a business known as Super 7, located at 41304 Road 128, Orosi, California 93647. Plaintiff contends that when he visited the facility, he encountered barriers that interfered with his ability to use and enjoy the goods and services offered.  Plaintiff seeks injunctive relief, statutory damages, attorney's fees, and costs.

Defendants were served with the summons and complaint in November 2016 (ECF Nos. 4 and 5.) None of the Defendants filed an answer.  Plaintiff requested entry of default and default was entered on January 9, 2017.  (ECF Nos. 6 and 7.)  Plaintiff filed the instant Motion for Default Judgment and seeks an award amount of $4,000.00 in statutory damages and $5,448.00 in attorney's fees and injunctive relief. (ECF No. 9-1, p. 9.)  Despite being served with the motion, Defendants have not filed a Motion to Set Aside the Default, nor have they responded to the Motion for Default Judgment or otherwise appeared in this litigation. (ECF No. 10.)  Defendants are not infants, incompetent persons, in the military serve or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. (ECF No. 9, p. 2.)

**III. DISCUSSION**

**A. Legal Standard**

Federal Rule of Civil Procedure 55(b)(2) outlines the requirements for a motion for default judgment:

> (2) By the Court.  In all other cases, the party must apply to the court for a default judgment.  A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.  The court may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

Factors which may be considered by courts when exercising discretion as to the entry of a default judgment include:  (1) the possibility of prejudice to the plaintiff; (2) the merits of

plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and, (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

A plaintiff is required to prove all damages sought in the complaint. *See Televideo Sys., v. Heidenthal*, 826 F. 2d 915, 917-918 (9th Cir. 1992). In addition, any relief sought may not be different in kind from, or exceed in amount, what is demanded in the complaint. Fed. R. Civ. P. 54(c). If the facts necessary to determine the damages are not contained in the complaint, or are legally insufficient, they will not be established by default. *See Cripps v. Life Ins., Co. Of N. Am.*, 980 F. 2d 1261, 1267 (9th Cir. 1992). However, "[u]pon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *TeleVideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917-18 (9th Cir. 1987).

**B. Analysis**

**1. The *Eitel* factors weigh in favor of default judgment**

*a. Possibility of prejudice to the plaintiff*

If default judgment is not entered, Plaintiff will effectively be denied a remedy until Defendants participate in the litigation, which may never occur. Denying Plaintiff a means of recourse is, by itself, enough to meet the burden imposed by this factor. *See, e.g., Philip Morris, USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003).

*b. The merits of plaintiff's substantive claim and the sufficiency of the complaint*

The next relevant *Eitel* factors include an evaluation of the merits of the substantive claims alleged in the complaint. To weigh these factors, courts evaluate whether the complaint is sufficient to state a claim that supports the relief sought. *See Danning v.Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978); *see also DIRECTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit

conclusions of law.") (internal quotation marks omitted). Accordingly, the Court will examine each of Plaintiff's claims.

### i. The ADA

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability" in places of public accommodation. 42 U.S.C. § 12182(a). "Discrimination" is defined as a failure to remove "barriers . . . where such removal is readily achievable." *Id.* § 12182(b)(2)(A)(iv); *see also Chapman v. Pier 1 Imports (U.S.) Inc.,* 631 F.3d 939, 945 (9th Cir. 2011) (*en banc*). Where a barrier's removal is not "readily achievable," a public accommodation must make its facilities available through "alternative methods if such methods are readily achievable." 42 U.S.C. § 12182(b)(2)(A)(v).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he or she] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her [or his] disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). Further, "[t]o succeed on an ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." *Parr v. L & L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000).

According to the complaint, Plaintiff went to the facility and encountered barriers associated with parking spaces, uneven surface for parking, "the store entrance had a high threshold, which was difficult to maneuver a wheelchair over," insufficient clearances for wheelchairs, and the "transaction counter was too high" and "the area around it was obstructed," making it "difficult for Plaintiff to approach the counter and . . . pay for his purchase." (ECF No. 1, ¶10.) The Complaint identifies approximately four separate "barriers." *Id.* Plaintiff alleges that as a result of the barriers, he is deterred from visiting Super 7. He contends that the barriers are easy to remove, but Defendants have not altered the store to

comply with accessibility standards. (ECF No. 1, pgs. 3-5.) Plaintiff has met his burden to state a prima facie Title III discrimination claim.

### ii.     The Unruh Act

Under the Unruh Civil Rights Act, all persons are "entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal Civ. Code § 51(b). Additionally, no business establishment of any kind whatsoever shall discriminate against any person in this state on account of disability. Cal. Civ. Code § 51.5. The Unruh Act also incorporates an individual's rights under the ADA by reference, such that a violation of the ADA also constitutes a violation of the Unruh Civil Rights Act. Cal. Civ. Code § 51(f). Here, Plaintiff alleges that Defendants denied him full and equal accommodations, advantages, facilities, privileges and services in a business establishment based on his disability. (ECF No. 1, ¶¶ 34-41.) Moreover, because Plaintiff's complaint properly alleges a prima facie claim under the ADA, Plaintiff has also properly alleged facts establishing the necessary elements for an Unruh Civil Rights Act claim.

### iii.    California Health and Safety Code § 19955

Under California Health and Safety Code § 19955, all public accommodations constructed in California must comply with the requirements of California Government Code § 4450. Under § 4450, "all buildings, structures, sidewalks, curbs, and related facilities, construed in this state by the use of state, county, or municipal funds, or the funds of any political subdivision of the state shall be accessible to and usable by persons with disabilities." Cal. Gov't Code § 4450. Additionally, non-exempt public accommodations constructed prior to July 1, 1970, and later altered or structurally repaired, are required to comply with the same requirements of the California Health and Safety Code. Cal. Health & Safety Code § 19959.

Plaintiff incorporates his allegations regarding the barriers he encountered at the facility. Further, he alleges that the facility "is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the facility was not exempt under the Health and Safety Code § 19956." (ECF No. 1, ¶ 45.) Although largely boilerplate, this claim is sufficiently pled. *See*

*Loskot v. D & K Spirits, LLC,* No. 2:10-cv-0684-WBS-DAD, 2011 WL 567364, at *3 (E.D. Cal. Feb. 15, 2011) (noting that, although "plaintiff's complaint is largely boilerplate, it is sufficient to support the requested relief" under the ADA for purposes of default judgment).

The complaint sufficiently states these causes of action and there appears to be merit to the substantive allegations. Therefore, these *Eitel* factors weigh in favor of default judgment.

### c. *The sum of money at stake in the action*

The fourth *Eitel* factor, the sum of money at stake, weighs in favor of default judgment. Default judgment is disfavored when a large amount of money is involved or is unreasonable in light of the defendant's actions. *See Truong Giang Corp. v. Twinstar Tea Corp.*, No. C 06-03594 JSW, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007). Here, Plaintiff is seeking a default judgment in the amount of $4,000.00 in statutory damages and $5,448.00 in attorney's fees and costs. This is not a particularly large sum of money, which weighs in favor of granting default judgment.

### d. *The possibility of a dispute concerning material facts*

With regard to this factor, no genuine issue of material fact is likely to exist because the allegations in the complaint are taken as true, *Televideo Sys.*, 826 F.2d at 917-18, and Defendants have submitted nothing to contradict the well-pled allegations. Accordingly, this factor favors entry of default judgment.

### e. *Whether the default was due to excusable neglect*

Defendants have failed to file a responsive pleading or oppose the Motion for Default Judgment. There is no evidence that Defendants' failure to participate in the litigation is due to excusable neglect. Thus, this factor weighs in favor of granting default judgment.

### f. *The strong policy underlying the federal rules of civil procedure favoring decisions on the merits*

This factor inherently weighs strongly against awarding default judgment in every case. In the aggregate, however, this factor is outweighed when compared with the other applicable factors that weigh in favor of granting default judgment.

/ / /

**2. Relief Sought**

While analysis of the *Eitel* factors supports a default judgment, the Court also considers the proof of the damages and the terms of the judgment sought by Plaintiff.

### *a.  Injunctive Relief*

Plaintiff's complaint seeks an injunction requiring Defendants to make the following changes and accommodations at the subject facility: (a) a properly configured and identified van-accessible parking stall measuring at least ninety-six inches in width with an adjacent access aisle measuring at least ninety-six inches in width, containing no slopes greater than 1:50, pursuant to 1991 ADAAG §§ 4.1.2(5)(b) and 4.6.3 and 2010 Standards §§ 502, *et seq.*; (b) a store entrance with a threshold not exceeding ½ inch in height pursuant to 1991 ADAAG §4.13.8 and 20110 Standards § 404.2.5; (c) aisles within the store with the required thirty-six inches of width in the path of travel pursuant to 1991 ADAAG § 4.3.3 and 2010 Standards § 403.5; and, (d) an accessible portion of the transaction counter thirty-six inches long minimum and thirty-six inches high maximum, located on an accessible route, pursuant to 1991 ADAAG § 7.2(1) and 2010 Standards §§ 904, *et seq*. As the factual allegations in the complaint are taken as true, Plaintiff is entitled to injunctive relief as requested pursuant to both state and federal law. *See Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA – only injunctive relief is available for violations of Title III.").

### *b.  Statutory Damages*

The Unruh Civil Rights act provides for, among other things, a minimum statutory damages amount of $4,000 per violation. Cal. Civ. Code § 52(a); *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1133 (C.D. Cal. 2005) (the Unruh Act "provides for statutory damages up to a maximum of three times the actual damages but no less than $4,000 for each instance of discrimination"). Plaintiff asserts that he is entitled to $4,000 in statutory damages pursuant to the California Civil Code § 52(a).

Plaintiff has sufficiently alleged facts indicating that he visited the property on one occasion and encountered barriers that interfered with his ability to use and enjoy the goods,

services, privileges, and accommodations offered. (ECF No. 1, ¶¶ 35-41.) Thus, Plaintiff is entitled to $4,000 in statutory damages.

### c. Attorney's Fees and Costs of Litigation

Pursuant to 42 U.S.C. § 12205, a party that prevails on claims brought under the ADA may recover reasonable attorney's fees and costs in the court's discretion. The fee award is calculated using the lodestar method, whereby the hours reasonably spent in the litigation are multiplied by a reasonable hourly rate. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1146-48 (9th Cir. 2001). The Ninth Circuit has explained the lodestar approach as follows:

> The lodestar/multiplier approach has two parts. First a court determines the "lodestar" amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *See D'Emanuele [v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1383 (9th Cir. 1990)]; *Hensley* [*v. Eckerhart*, 461 U.S. 424,] 461 (1983). The party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed. *See Hensley*, 461 U.S. at 433. A district court should exclude from the lodestar amount hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Id.* at 434. Second, a court may adjust the lodestar upward or downward using a "multiplier" based on factors not subsumed in the initial calculation of the lodestar. [footnote omitted] *See Blum v. Stenson*, 465 U.S. 886, 898-901 (1984) (reversing upward multiplier based on factors subsumed in the lodestar determination); *Hensley*, 461 U.S. at 434 n. 9 (noting that courts may look at "results obtained" and other factors but should consider that many of these factors are subsumed in the lodestar calculation). The lodestar amount is presumptively the reasonable fee amount, and thus a multiplier may be used to adjust the lodestar amount upward or downward only in "'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings by the lower courts" that the lodestar amount is unreasonably low or unreasonably high. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (quoting *Blum*, 465 U.S. at 898-901); *Blum*, 465 U.S. at 897; *D'Emanuele*, 904 F.2d at 1384, 1386; *Cunningham v. County of Los Angeles*, 879 F.2d 481, 487 (9th Cir. 1989).

*Van Gerwin v. Guarantee Mut. Life Co.,* 214 F.3d 1041,1045 (9th Cir. 2000).

Here, Plaintiff seeks an award of $3,960.00 for the total billable time spent on the matter, as well as $1,488.00 in costs. (ECF No. 9-1, p. 9.) Specifically, Plaintiff requests $2,970.00 for 9.9 hours of work expended by Ms. Tanya Moore, Esq. at an hourly rate of $300. Plaintiff also seeks $667.00 for 5.8 hours spent by paralegal Whitney Law at an hourly rate of

1    $115.00 and $323.00 for 3.4 hours spent by paralegal David Guthrie at an hourly rate of
2    $95.00. (ECF No. 9-1, p. 8, lines 2-8.)

### i. Ms. Moore's Rate and Time Expended

After analyzing the billing entries and time records submitted by Plaintiff's counsel, the Court finds that 9.9 hours billed by Ms. Moore is unreasonable. The Court finds the number of hours billed is excessive given the minimal complexity of this case and Ms. Moore's experience in litigating these types of actions. By way of her own declaration, Ms. Moore has filed close to 1,000 of these cases. (ECF No. 9-2, ¶¶ 4-5.) However, on October 25, 2016 billed 2.0 hours to draft the complaint in this case. (ECF No. 9-3, p. 2.) A review of this complaint contains mostly boilerplate language that Ms. Moore has filed in other cases, with the exception of except paragraph ten, which is changed to list the four alleged ADA violations. (ECF No. 1, p. 2-3.) This should not have taken more than one hour to prepare. Therefore, 1.0 hour will be deducted from Ms. Moore's billing.

Additionally, several of Ms. Moore's billing entries for .1 hour relate to clerical tasks that should not have taken that much time to complete. For example, on November 3, 2016, Ms. Moore billed .1 hour to provide instructions to her paralegal Mr. Guthrie regarding service that had already been sent out on November 1, 2016, according to Mr. Guthrie's declaration. (ECF Nos. 9-3, p. 2; 9-7, p. 2); on November 23, 2016, Ms. Moore billed .1 hours to review the status of service and deadlines and tasks by Mr. Guthrie; on January 6, 2017, Ms. Moore billed .1 hour to review request; and on January 11, 2017, Ms. Moore billed .1 hour to review notice (ECF NO. 9-3, p. 2.)  These entries are either excessive or are clerical tasks that should not be billed at an attorney rate, and the resulting .4 hours will be reduced from the award amount.

Finally, on January 30, 2017, Ms. Moore spent 3.6 hours (216 minutes) preparing the motion for default judgment and supporting documents. (ECF No. 9-3, p. 2.) The motion for default judgment filed in this case is nearly identical to motions for default judgment filed by Ms. Moore in other actions before this Court. "Accordingly, the Court finds that one hour of Ms. Moore's time and one hour of Whitney Law's time is sufficient to prepare the motion." *Gutierrez v. Leng*, No. 1:14-CV-01027-WBS-SKO, 2015 WL 1498813, at *9 (E.D. Cal. Mar.

9

31, 2015) (quoting *Moore v. E-Z-N-Quick*, No. 1:13-cv-01522-LJO-SAB, 2014 WL 1665034 (E.D. Cal. Apr. 24, 2014)). The Court will therefore deduct 2.6 hours from Ms. Moore's time.

Plaintiff seeks attorney's fees computed using a $300.00 per hour rate for work by attorney Tanya E. Moore. With regards to hourly rate, courts used the rates of attorneys practicing within the forum district, here, the Eastern District of California, Fresno. *Blum v. Stenson*, 465 U.S. 886, 895 (1984) ("[R]easonable fees . . . are to be calculated according to the prevailing market rates in the relevant community . . ."); *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992) ("[T]he general rule is that the rates of attorneys practicing in the forum district . . . are used."). The fee applicant bears the burden of producing sufficient evidence that the requested rates are commensurate "with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum*, 465 U.S. at 895 n.11.

Ms. Moore's declaration states that she had filed and successfully prosecuted close to 1,000 civil rights actions and that she specializes in plaintiff's disability representation as developed in her fifteen years of practice. (ECF No. 9-2, ¶¶ 4-5.)  She asserts that her normal hourly rate is $400, but that she is only seeking an hourly rate of $300 for this case. (ECF Nos. 9-1, p. 7; 9-2, ¶6.)  In a recent case, a court had noted that:

> [T]his Court, in a detailed opinion, previously deemed Ms. Moore's hourly rate of $300 unreasonably high and instead found that "an hourly rate of $250, the rate fixed by the *Kalani* court, is appropriate to compensate Ms. Moore for her time expended in this litigation based on her level of civil rights experience and expertise in ADA litigation." *Moore v. Chase, Inc.*, No. 1:14-CV-01178-SKO, 2016 WL 3648949, at *3 (E.D. Cal. July 7, 2016) (citing *Kalani v. Statewide Petroleum, Inc.*, No. 2:13-cv-02287-KJM-AC, 2014 WL 4230920, at *6 (E.D. Cal. Aug. 24, 2014)).

*Trujillo v. Ali*, No. 1:16-CV-00694-LJO-SKO, 2016 WL 6902313, at *7 (E.D. Cal. Nov. 23, 2016).  This Court agrees and will use an hourly rate of $250 in determining appropriate attorney's fees for Ms. Moore.  As discussed above, Ms. Moore's hours worked should be reduced by a total of 4.0 hours (1.0 hour for the preparing, review and drafting the complaint, .4 hours for reviewing documents and clerical work, and 2.6 hours for preparing, reviewing, and

finalizing the motion for entry of default judgment), bringing Ms. Moore's total hours worked from 9.9 to 5.9 hours.  The Court recommends that Plaintiff be reimbursed for 5.9 hours at $250.00 per hour for a total of $1,475.00 for the services of Ms. Moore in this action.

### ii. Paralegal Rate and Time Expended

Plaintiff seeks attorney's fees computed using a $115 per hour for work by paralegal Whitney Law, and $95 per hour for work by paralegal David Guthrie. In a recent case involving Ms. Moore however, the court indicated that previously the court found that "the 'prevailing hourly rates for paralegals in the Eastern District... [is] $75 per hour.' [Citation]. 'The Court will therefore apply an hourly rate of $75 for the time expended by Plaintiff's paralegals." *Trujillo v. Ali*, No. 1:16-CV-00694-LJO-SKO, 2016 WL 6902313, at *8 (E.D. Cal. Nov. 23, 2016) (citing *Moore v. Chase, Inc.*, No. 1:14-CV-01178-SKO, 2016 WL 3648949, at *3 (E.D. Cal. July 7, 2016).  The Court will therefore apply an hourly rate of $75 for both paralegals.

Regarding the number of hours expended by Ms. Law, the Court finds that some of the time expended is unreasonable, duplicative, or inadequately documented and should be reduced.  *See id.* Ms. Law reported 3.0 hours (180 minutes) preparing the motion for entry of default judgment and supporting documents between January 20, 2017 through February 2, 2017. (ECF No. 9-5, p. 2.) As discussed above, the motion for default judgment filed in this case is nearly identical to motions for default judgment filed by Ms. Moore in other actions before this Court. "Accordingly, the Court finds that one hour of Ms. Moore's time and one hour of Whitney Law's time is sufficient to prepare the motion." *Gutierrez v. Leng*, No. 1:14-CV-01027-WBS-SKO, 2015 WL 1498813, at *9 (E.D. Cal. Mar. 31, 2015) (quoting *Moore v. E-Z-N-Quick*, No. 1:13-cv-01522-LJO-SAB, 2014 WL 1665034 (E.D. Cal. Apr. 24, 2014)). The Court will therefore deduct 2.0 hours from Ms. Law's time.

Further, on December 13, 2016, Ms. Law had spent .2 hours reviewing the file and docket to determine whether an answer had been filed, which is clerical or secretarial in nature and should be reduced.  (ECF No. 9-5, p. 2); *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal rate,

1 regardless of who performs them."). Therefore, Ms. Law's 5.8 hours should be reduced by 2.2
2 hours (2.0 hours for the default judgment and .2 hours for work clerical in nature) for a total of
3 3.6 hours. The Court recommends that Plaintiff be reimbursed for 3.6 hours at $75.00 per hour
4 for a total of $270.00 for the services of Ms. Law in this action.

5     Having reviewed the time entries for Mr. Guthrie, the Court finds the time expended by
6 him to be reasonable. Therefore the Court recommends that Plaintiff be reimbursed for 3.4
7 hours at $75.00 per hour for a total of $255.00 for the services of Mr. Guthrie in this action.

        **iii.    Litigation Expenses and Costs**

9     Finally, Plaintiff seeks $1,488.00 in costs and litigation expenses. (ECF No. 9-1, p. 9.)
10 Section 12205 of the ADA provides that a district court, "in its discretion, may allow the
11 prevailing party, other than the United States, a reasonable attorney's fee, including litigation
12 expenses, and costs." 42 U.S.C.A. § 12205. The statutory provisions of the ADA provide direct
13 authority for the award of expert witness fees as litigation expenses under the ADA. *See Lovell*
14 *v. Chandler*, 303 F.3d 1039, 1058 (9th Cir.2002). The costs here include expenses for the court
15 filing fee, costs of service, and a fee for a site inspection of the property, which are
16 compensable pursuant to 42 U.S.C. § 12205 and *Lovell,* 303 F.3d at 1058.

17     Plaintiff's request for costs in the amount of $1,488.00 for litigation costs and expenses
18 is appropriate.

19 **IV. CONCLUSION**

20     For the reasons discussed above, the Court RECOMMENDS that:

21     1.    Plaintiff's Motion for Default Judgment (ECF No. 9) in favor of Plaintiff and
22 against Defendants be GRANTED as specified below;

23     2.    Defendants Balvir Sing dba Super 7 and Darshan Singh to be found in violation
24 of Title III of the ADA for the purpose of establishing damages under the California Unruh
25 Civil Rights Act;

26     3.    Plaintiff be AWARDED statutory damages in the amount of $4,000.00 payable
27 by Defendants to the Mission Law Firm, A.P.C. Trust Account and delivered to the Mission
28 Law Firm, A.P.C., 332 North Second Street, San Jose, California 95112;

4. Plaintiff be awarded reasonable attorneys' fees in the amount of $ 2,000.00, and costs in the amount of $1,488.00 (for a total amount of $3,488.00). Therefore, Defendants are responsible for a total of $3,488.00 in attorney's fees and costs, payable to the Mission Law Firm, A.P.C. Trust Account and delivered to the Mission Law Firm, A.P.C., 332 North Second Street, San Jose, California 95112;

5. Defendants be ORDERED to remediate the barriers at its facility commonly known as Super 7, located at 41304 Road 128, Orosi, California 93647 to conform to ADA Guidelines (28 C.F.R. § 36) and the California Code of Regulations Title 24 requirements as follows:

    a. a properly configured and identified van-accessible parking stall measuring at least ninety-six inches in width with an adjacent access aisle measuring at least ninety-six inches in width, containing no slopes greater than 1:50, pursuant to 1991 ADAAG §§ 4.1.2(5)(b) and 4.6.3 and 2010 Standards §§ 502, *et seq.*;

    b. a store entrance with a threshold not exceeding ½ inch in height pursuant to 1991 ADAAG §4.13.8 and 20110 Standards § 404.2.5;

    c. aisles within the store with the required thirty-six inches of width in the path of travel pursuant to 1991 ADAAG § 4.3.3 and 2010 Standards § 403.5; and

    d. an accessible portion of the transaction counter thirty-six inches long minimum and thirty-six inches high maximum, located on an accessible route, pursuant to 1991 ADAAG § 7.2(1) and 2010 Standards §§ 904, *et seq*.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B). Within fourteen (14) days of service of these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district

judge's order.  *Wilkerson v. Wheeler,* 772 F. 3d 834, 839 (9th Cir. 2014); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 15, 2017**                     /s/ Erica P. Grosjean
                                                                            UNITED STATES MAGISTRATE JUDGE

14