# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSE TRUJILLO,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**BALVIR SINGH dba SUPER 7; DARSHAN SINGH,**<br><br>    **Defendants.** | 1:16-cv-01640-LJO-EPG<br><br>**ORDER TO SUPPLEMENT THE RECORD WITHIN 14 DAYS WITH EVIDENCE SUPPORTING REQUEST FOR ATTORNEYS' FEES** |

    Before the Court is Plaintiff's motion for default judgment in this action, which seeks damages and injunctive relief pursuant to the Americans with Disabilities Act (42 U.S.C. §§ 12101 *et seq.*) ("ADA"), California Civil Code § 51 ("Unruh Civil Rights Act"), and California Health and Safety Code § 19959. (ECF No. 1.) Plaintiff, a disabled man who is substantially limited in his ability to walk and uses a wheelchair or cane for mobility, alleges that Defendants are the owners and operators of a business known as Super 7, located at 41304 Road 128, Orosi, California 93647. Plaintiff contends that when he visited the facility, he encountered barriers that interfered with his ability to use and enjoy the goods and services offered. (*Id.*) Plaintiff seeks injunctive relief, statutory damages, attorney's fees, and costs. (*Id.* at 8.)

    Defendants were served with the summons and complaint in November 2016. (ECF Nos. 4 and 5.) None of the Defendants filed an answer. Plaintiff requested entry of default and default was entered on January 9, 2017. (ECF Nos. 6 and 7.) Plaintiff thereafter filed the instant Motion for Default Judgment, seeking an award amount of $4,000.00 in statutory damages and $5,448.00 in attorney's fees and injunctive relief. (ECF No. 9-1, at 9.) Despite being served with the motion, Defendants have not

1

filed a Motion to Set Aside the Default, nor have they responded to the Motion for Default Judgment or otherwise appeared in this litigation. (ECF No. 10.) Defendants are not infants, incompetent persons, in the military serve or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. (ECF No. 9, at 2.)

The assigned Magistrate Judge issued Findings and Recommendations ("F&Rs") that Plaintiff is entitled to statutory damages in the amount of $4,000. (ECF No. 13 at 7-8.) However, the F&Rs recommend rejection of Plaintiff's request for $2,970.00 for 9.9 hours of work expended by Ms. Tanya Moore, Esq. at an hourly rate of $300.00, instead recommending a reduced number of hours and an hourly rate of $250.00 be used to calculate a fee award to total $1,475.00 for Ms. Moore. (*Id*. at 9-10.) In support of the reduced hourly rate, the magistrate judge cited F&Rs issued in a similar case brought by Ms. Moore, *Trujillo v. Ali*, No. 1:16-CV-00694-LJO-SKO, 2016 WL 6902313, at *7 (E.D. Cal. Nov. 23, 2016), in which Magistrate Judge Sheila K. Oberto reasoned:

> [T]his Court, in a detailed opinion, previously deemed Ms. Moore's hourly rate of $300 unreasonably high and instead found that "an hourly rate of $250, the rate fixed by the *Kalani* court, is appropriate to compensate Ms. Moore for her time expended in this litigation based on her level of civil rights experience and expertise in ADA litigation." *Moore v. Chase, Inc.,* No. 1:14-CV-01178-SKO, 2016 WL 3648949, at *3 (E.D. Cal. July 7, 2016) (citing *Kalani v. Statewide Petroleum, Inc*., No. 2:13-cv-02287-KJM-AC, 2014 WL 4230920, at *6 (E.D. Cal. Aug. 24, 2014)).

Plaintiff filed objections to the Magistrate Judge's recommendation to award a lesser amount of attorney's fees than those requested by Plaintiff. (ECF No. 15.) Plaintiff points out, correctly, that other judges in the Fresno Division of the Eastern District of California have seen fit to award the requested $300.00 hourly rate to Ms. Moore under similar circumstances. *See, e.g.*, *Moore v. Millennium Acquisitions, LLC*, No. 1:14-cv-01402-DAD-SAB, 2017 WL 1079753, at *3 (E.D. Cal. Mar. 21, 2017); *Green v. Cal. Pride, Inc*., No. 1:14-cv-02006 DAD-EPG, 2015 WL 769740 at *5 (E.D. Cal. June 15, 2016) (F&Rs adopted July 22, 2016). In addition, Plaintiff points to an opinion issued by Senior District Judge Anthony W. Ishii that more generally surveyed legal decisions on the prevailing hourly

rate in the Fresno Division. *Silvester v. Harris*, No. 1:11-CV-2137 AWI SAB, 2014 WL 7239371, at *4 (E.D. Cal. Dec. 17, 2014).

An attorney's hourly rate is calculated according to the prevailing market rates in the relevant community and should comport with the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Shirrod v. Office of Workers' Compensation Programs*, 809 F.3d 1082, 1086 (9th Cir. 2015). The relevant community is the forum where the district court sits. *Id.* Absent from any of the cases cited by Plaintiffs or in F&Rs, or from any authority on which those cases rely, is any <u>objective</u> evidence pertaining to the prevailing market rates in this community. "[T]he burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "Affidavits of the plaintiffs' attorney[s] and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

Because of the conflicting hourly rate determinations among similar ADA cases in this division, Plaintiff cannot satisfy his burden to establish the prevailing market rate in the Fresno division with citation to case authority alone. While rate determinations in other cases, particularly those setting a rate for the plaintiff's attorney may be considered satisfactory evidence of the prevailing market rate, these cases are not binding upon the Court nor do they sufficiently satisfy the evidentiary burden of the fee applicant due to the discrepancy in hourly rate awards. There must be <u>objective</u> support in the record before this Court – i.e., some type of local rate report and/or affidavits of local counsel – that either establish $300.00 is the prevailing hourly market rate in Fresno for attorneys of similar experience and skill or that $300.00 is an out-of-district hourly rate that should be awarded because local counsel could not be retained or the special expertise of outside-the-district counsel was

3

necessary. *See Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997).

Accordingly, IT IS HEREBY ORDERED that:

1. Within 14 days from the date of this order, Plaintiff may file evidence supporting the hourly rate requested in his motion for attorneys' fees;

2. Thereafter, Defendant shall have 7 days to file any response; and

3. Upon expiration of the response period, the Court will deem Plaintiffs' motions and the pending F&Rs thereon submitted for final decision.

IT IS SO ORDERED.

Dated: **April 14, 2017**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE