# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSE TRUJILLO,** | 1:16-cv-01640-LJO-EPG |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER ADOPTING IN PART AND MODIFYING IN PART FINDINGS AND RECOMMENDATIONS (Doc. 13)** |
| v. | |
| **BALVIR SINGH dba SUPER 7, et al.,** | |
| Defendants. | |

On October 31, 2016, Plaintiff Jose Trujillo filed a complaint pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213; the California Unruh Act, California Civil Code § 51 *et seq.*; and California Health & Safety Code §§ 19955, 19959. Doc. 1. The complaint seeks an award of statutory damages, prejudgment interest on the damages, costs of suit, attorney's fees, and injunctive relief. *Id.* Plaintiff alleges that he requires the use of a wheelchair or cane for mobility, Doc. 1, ¶ 8, and the property that is the subject of this suit, Super 7, located at 41304 Road 128 in Orosi, California (the "Property"), presents numerous architectural barriers that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility. Doc. 1, ¶ 10.

Defendants Balvir Singh and Darshan Singh were served with the Complaint on November 19, 2016, Docs. 4 & 5, and defaults were entered against them on January 9, 2017. Doc. 7. Plaintiff then filed a motion for default judgment (the "Motion") against Defendants on February 2, 2017. Doc. 9. In the Motion, Plaintiff requested injunctive relief, $4,000 in statutory damages, $3,690 in legal fees, and

$1,488 in costs. Doc. 9-1 at 6-9. No opposition to the Motion was filed.

On March 15, 2017, the assigned magistrate judge issued findings and recommendations (the "F&Rs"), in which she recommended that the Court grant the Motion in part and reduce the requested legal fees and costs to $2,000 and $1,488, respectively. Doc. 13 at 8-13. The magistrate judge specifically recommended that the Court: (1) enter judgment in favor of Plaintiff and against Defendant; (2) award Plaintiff statutory damages in the amount of $4,000; (3) award Plaintiff attorney's fees in the amount of $1,475 for Plaintiff's counsel, Tanya Moore (5.9 hours instead of 9.9 hours at $250 instead of the requested $300 per hour), paralegal fees in the amount of $270 for a senior paralegal in Ms. Moore's office, Whitney Law (3.6 hours instead of the requested 5.8 hours at $75 instead of the requested $115 per hour), and $255 for another paralegal, David Guthrie (3.4 hours at $75 instead of the requested $95 per hour); as well as (4) costs of suit in the amount of $1,488. *Id*.

The F&Rs were served upon Defendant and contained notice that any objections were to be filed within fourteen (14) days after service. *See id*. at 13. More than 14 days have passed and Defendant has not filed an objection to the F&Rs. Plaintiff did file objections to the hourly rates the F&Rs used to calculate the attorney's fee award. Doc. 15.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(c), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and proper analysis in all but one respect: the hourly rate used to calculate the attorney's fee award.

There has been some inconsistency within this district regarding an appropriate hourly rate to use for Ms. Moore's not infrequent attorney's fees requests. Some decisions, including more than one adopted by the undersigned, have used $300 as Ms. Moore's hourly rate and $115 as the rate for the upper-level paralegal in her office. *See, e.g.*, *Moore v. Millenium Acquisitions, LLC*, No. 1:14-cv-01402 DAD-SAB, 2017 WL 1079753, at *3 (E.D. Cal. Mar. 21, 2017); *Moore v. Watkins*, No. 1:15-cv-00115 JAM-GSA, 2015 WL 5923404, at *5 (E.D. Cal. Oct. 9, 2015), *findings and recommendation adopted*,

1:15-cv-00115, Doc. 32 (Feb. 18, 2016); *Kalani v. Nat'l Seating and Mobility, Inc.*, No. 2:13-cv-00061 JAM-CKD, 2014 WL 3956669, at *2-3 (E.D. Cal. Aug. 13, 2014); *Gutierrez v. Vantia Props., LLC*, No. 1:13-cv-00642 LJO-SKO, 2014 WL 2106570, at *8 (E.D. Cal. May 20, 2014), *findings and recommendation adopted*, 1:13-cv-00642, Doc. 43 (June 16, 2014); *Moore v. E-Z-N-Quick*, No. 1:13-cv-01522 LJO-SAB, 2014 WL 1665034, at *6 (E.D. Cal. Apr. 24, 2014), *findings and recommendation adopted*, 1:13-cv-01522, Doc. 19 (May 30, 2014); *Moore v. Ruiz*, No. 1:11-cv-2159 LJO-GSA, 2012 WL 3778874, at *6 (E.D. Cal. Aug. 31, 2012), *findings and recommendation adopted*, 1:11-cv-2159, Doc. 18 (Sept. 19, 2012). Other decisions, including at least one adopted by the undersigned, have used $250 as Ms. Moore's hourly rate and $75 for all paralegal hours. *Kalani v. Statewide Petroleum, Inc*., No. 2:13-cv-02287 KJM-AC, 2014 WL 4230920, at *6 (E.D. Cal. Aug. 25, 2014); *Trujillo v. Ali*, No. 1:16-cv-00694 LJO-SKO, 2016 WL 6902313, at *7 (E.D. Cal. Nov. 23, 2016)(same), *findings and recommendation adopted*, 1:16-cv-694, Doc. 23 (Jan 26, 2017); *Moore v. Chase, Inc*., No. 1:14-CV-01178 SKO, 2016 WL 3648949, at *3 (E.D. Cal. July 7, 2016)(same).

An attorney's hourly rate is calculated according to the prevailing market rates in the relevant community and should comport with the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Shirrod v. Office of Workers' Compensation Programs*, 809 F.3d 1082, 1086 (9th Cir. 2015). The relevant community is the forum where the district court sits. *Id*. Absent from any of the cases cited above, or by Plaintiffs, or in F&Rs, or from any authority on which those cases rely, is any objective evidence pertaining to the prevailing market rates in this community.

Because of the conflicting hourly rate determinations among similar ADA cases in this division, The Court ordered Plaintiff to supplement the record:

> Plaintiff cannot satisfy his burden to establish the prevailing market rate in the Fresno division with citation to case authority alone. . . . While rate determinations in other cases, particularly those setting a rate for the plaintiff's attorney may be considered satisfactory evidence of the prevailing market rate, these cases are not binding upon the Court nor do they sufficiently satisfy the evidentiary burden of the fee applicant due to

3

> the discrepancy in hourly rate awards. There must be objective support in the record before this Court – i.e., some type of local rate report and/or affidavits of local counsel – that either establish $300.00 is the prevailing hourly market rate in Fresno for attorneys of similar experience and skill or that $300.00 is an out-of-district hourly rate that should be awarded because local counsel could not be retained or the special expertise of outside-the-district counsel was necessary. *See Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997).

Doc. 17 at 3-4.

Plaintiff filed supplemental evidence on April 19, 2017. Doc. 18. Among other things, Plaintiff presented the widely recognized compilation of attorney and paralegal rate data provided in the Laffey Matrix, which is regularly prepared and updated by the Civil Division of the United States Attorney's Office for the District of Columbia and used in fee shifting cases, among others. *See* https://www.justice.gov/usao-dc/file/889176/download (last visited May 5, 2017). The Matrix, which only surveys prevailing rates in the Washington, D.C./Baltimore, MD legal community does not directly correlate to hourly rates for attorneys and paralegals in other parts of the country. *See Fitzgerald v. Law Office of Curtis O. Barnes*, No. 1:12-CV-00071-LJO-GSA, 2013 WL 1627740, at *3 (E.D. Cal. Apr. 15, 2013), *findings and recommendation adopted*, 2013 WL 1896273 (E.D. Cal. May 6, 2013) (finding Laffey Matrix inapposite for determining Fresno rates).

However, Plaintiff also presents a rational mechanism for adjusting the Laffey Matrix rates to Fresno's market. The United States Bureau of Labor Statistics publishes wage estimates for private lawyers and paralegals in many major metropolitan areas, allowing for a comparison of those in the Baltimore/Washington, D.C. area to those in the Fresno area, found at https://www.bls.gov/oes/current/oessrcma.htm (last visited May 5, 2017) ("BLS data"). The published wages are for private attorneys and paralegals, and provide a mean hourly wage of what each are actually paid (i.e., without regard for the number of years in practice). The Court agrees with Plaintiff that it is reasonable to presume that the mean hourly rates charged by firms to their clients bear a direct relationship to the hourly rates earned by the billers. Therefore, the percentage difference in the mean

amounts paid to attorneys and paralegals in the Baltimore/Washington, D.C. and Fresno are a constant that can be applied to reduce the Matrix prevailing rates proportionately.[1]

The BLS data reflects the following mean hourly rate earned by attorneys and paralegals in Washington, D.C. and Fresno:

|  | Washington, D. C. Area | Fresno Area | Percentage Decrease for Fresno |
|---|---|---|---|
| Attorneys | $82.97 | $ 57.99 | 30.11 % |
| Paralegals | $32.68 | $ 24.87 | 23.9 % |

Returning to the Laffey Matrix, attorney Tanya Moore testifies that she has been practicing for over 15 years. (Declaration of Tanya E. Moore, Doc. 9-2, ¶ 5.) The current Laffey Matrix provides that prevailing hourly rates for an attorney with 11 to 15 years of experience is $455, and paralegals is $154 (the Laffey Matrix makes no adjustment for paralegal experience). Adjusting for the Fresno area yields the following results:

|  | Laffey Matrix/ Washington D.C. Rate | Percentage Adjustment | Adjusted Laffey Matrix/ Fresno Rate |
|---|---|---|---|
| 15 year Attorney | $455 | 30.11% | $317 |
| Paralegals | $154 | 23.9% | $117 |

According to this objective information, Tanya Moore's requested rate of $300 per hour, as well as $95-$115 for her firm's paralegals, are within the adjusted prevailing rates shown. Using the requested hourly rates alongside the hours expended as adjusted by the F&Rs, the attorney's fee award is recalculated as follows: $1,770 for Tanya Moore (5.9 hours at $300 per hour), $414 for Whitney Law (3.6 hours at $115 per hour), and $323 for David Guthrie (3.4 hours $95 per hour), for a total fee award of $2,507.

The Court has thoroughly reviewed the record and agrees with the F&Rs in all other respects.

---

[1] This is a different and more persuasive rationale for adjustment to the Laffey Matrix than that presented by the plaintiffs and rejected by the Court in *Rodriguez v. Kraft Foods Group, Inc.*, No. 1:14-cv-01137-LJO-EPG, Doc. 85 (December 20, 2016) (adjustment to *Laffey Matrix* by nation-wide Legal Services Component of CPI not persuasive measure to adjust *Laffey Matrix* for Fresno area).

Accordingly, for the reasons set forth above:

1. The findings and recommendations (Doc. 13) issued by the magistrate judge on March 15, 2017, are adopted in part;

2. Plaintiff Jose Trujillo's motion for default judgment is GRANTED IN PART;

3. Defendants Balvir Sing dba Super 7 and Darshan Singh are found in violation of Title III of the ADA for the purpose of establishing damages under the California Unruh Civil Rights Act;

4. Plaintiff is AWARDED statutory damages in the amount of $4,000 payable by Defendants to the Mission Law Firm, A.P.C. Trust Account and delivered to the Mission Law Firm, A.P.C., 332 North Second Street, San Jose, California 95112;

5. Plaintiff is awarded reasonable attorneys' fees in the amount of $ 2,507, and costs in the amount of $1,488 (for a total amount of $3,995), payable by Defendants to the Mission Law Firm, A.P.C. Trust Account and delivered to the Mission Law Firm, A.P.C., 332 North Second Street, San Jose, California 95112;

6. Defendants are ORDERED to remediate the barriers at its facility commonly known as Super 7, located at 41304 Road 128, Orosi, California 93647 to conform to ADA Guidelines (28 C.F.R. § 36) and the California Code of Regulations Title 24 requirements by ensuring the following:

    a. a properly configured and identified van-accessible parking stall measuring at least ninety-six inches in width with an adjacent access aisle measuring at least ninety-six inches in width, containing no slopes greater than 1:50, pursuant to 1991 ADAAG §§ 4.1.2(5)(b) and 4.6.3 and 2010 Standards §§ 502, et seq.;

    b. a store entrance with a threshold not exceeding ½ inch in height pursuant to 1991 ADAAG §4.13.8 and 20110 Standards § 404.2.5;

    c. aisles within the store with the required thirty-six inches of width in the path of

travel pursuant to 1991 ADAAG § 4.3.3 and 2010 Standards § 403.5; and

    d.    an accessible portion of the transaction counter thirty-six inches long minimum and thirty-six inches high maximum, located on an accessible route, pursuant to 1991 ADAAG § 7.2(1) and 2010 Standards §§ 904, et seq.

7. Judgment is entered in favor of Plaintiff and against Defendant Balvir Sing dba Super 7 and Darshan Singh; and

9. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **May 8, 2017**            **/s/ Lawrence J. O'Neill**
                                               UNITED STATES CHIEF DISTRICT JUDGE